# New Idea Pattern Company, Appellant, v. Whitner.

*Contract—Specific performance—Equity—Preliminary injunction.*

Although a decree of specific performance of a contract be refused because execution of the decree is impracticable yet an injunction may issue restraining the doing of acts against the contract.

But in such case complainant must show clearly that the acts are in violation of the contract.

The proprietors of a department store entered into a contract with a company manufacturing patterns for women's clothing to sell the latter's product. There was no covenant in the contract restraining the agents from selling other patterns, but it was provided that the agents should "endeavor at all times to conserve the best interests of the agency." The agents dealt in other patterns and refused to sell those of the company, and a bill in equity was filed to restrain them from selling the other patterns. *Held,* that a preliminary injunction should not be granted.

Argued Feb. 28, 1906.  Appeal, No. 45, Jan. T., 1906, by plaintiff, from decree of C. P. Berks Co., Equity Docket 1905, No. 898, refusing a preliminary injunction in case of The New Idea Pattern Company v. Calvin K. Whitner and John A. Britton, individually and copartners, trading as C. K. Whitner & Co.  Before MITCHELL, C. J., FELL, BROWN, MESTREZAT and POTTER, JJ.  Affirmed.

Bill in equity for an injunction.

From the record it appeared that the plaintiff was a corporation engaged in manufacturing and selling patterns for the making of garments for women and children.  The defendants were proprietors of a department store in the city of Reading. On February 15, 1904, complainants and defendants entered into an agreement by which plaintiffs granted to defendants the right to act as special agent for the sale of their product in Reading, Pa., and agreed to sell and deliver from their principal office in New York City, or their Western Office, in Chicago, Illinois, to the defendants their Patterns, Fashion Sheets, Fashion Review, etc., in the quantities and at the intervals hereinafter mentioned, and the defendants agreed to pay for same the prices and in the manner specified.

The agreement further provided that defendants should "keep the patterns on the ground floor; to give proper atten-

tion to the sale of the same in person or otherwise; to reorder by number and size patterns sold, in order that the stock may be kept up to the original investment, to endeavor at all times to conserve the best interests of the agency, and not to assign it or transfer the agency hereunder to any party or parties without the Publishers' written consent."

The defendants dealt in other patterns than those sold by the plaintiff, and the bill was filed to restrain them from so doing.

ENDLICH, J., filed the following opinion:

On the presentation of this bill it was directed, together with the accompanying affidavits, to be filed, and a time fixed for hearing the application for a preliminary injunction upon notice to defendants. At the hearing little if anything was developed in the way of relevant facts materially adding to or detracting from the averments of the bill, read in connection with the contract appended to it. No answer having come in, the decision will therefore be based upon what appears in the bill, with such reference to the testimony heard as shall be specifically indicated.

It is admitted by defendants that they refuse to carry out their agreements to sell or keep on sale the plaintiff's patterns. They undoubtedly have broken their contract with the plaintiff and will be liable, and stand ready to respond to it in damages for such breach. But this proceeding is not, and cannot be, one to enforce performance of the contract, for the simple reason, if for no other, that it would be impracticable to execute or to supervise the execution of a decree to that effect: Adams Eq. (8th ed.), p. * 81 and note; 3 Pomeroy Eq. Jur., secs. 1,343, 1,405. The application goes no farther than to ask for an order restraining the defendants from engaging in and profiting by dealings which, it is alleged, will subject plaintiff to continuing and cumulative losses, and which, it is further contended, defendants bound themselves by the contract not to engage in. That in such a case an injunction may issue, although the remedy by decree for specific performance be impracticable, is decided in Standard Fashion Co. v. Siegel-Cooper Co., 157 N. Y. 60 (51 N. E. Repr. 408). Yet clearly, whether this is such a case entitling plaintiff to an injunction is to be pri-

marily tested, not by the probability of resulting losses nor by the lack of an adequate remedy at law, but by the correctness or incorrectness of the fundamental contention that defendants are doing something they agreed not to do.   If they are not, plaintiff has no right to stop them.   It is only if they are that the question of the proper remedy can arise.   If, however, the plaintiff's fundamental contention is correct, it must be able to point to a covenant in the contract from which the defendants' assumption not to do what they are doing may be gathered without that hesitation which invariably stays the hand of a chancellor. It is, of course, not indispensable that the assumption be couched in negative phrase.   An affirmative covenant which involves or implies a negative is sufficient: 3 Pomeroy Eq. Jur., sec. 1,343; for that which is implied in a contract is as much a part of it as that which is expressed: Slegel v. Lauer, 148 Pa. 236, 244.   The implication, however, must obviously be such as results with reasonable clearness from the terms of the contract understood with reference to the subject-matter and the situation of the parties—i. e., as it presumably was or ought to have been understood by them.   In other words, its existence is a question of construction to be arrived at by the ordinary rules governing the construction of contracts.   The question is, looking at the language of the contract in the light of all the relevant circumstances, Is it reasonable to suppose that the minds of the parties to the contract ever met in understanding the language employed to mean a specific prohibition not distinctly expressed by it?   If not, there was no contract to that effect implied; for there can be no contract in the absence of an assent of the minds of the parties meeting upon common ground.   See Wistar's App., 80 Pa. 484, 495; Richardson v. Clements, 89 Pa. 503, 505; Harding v. Lloyd, 3 Pa. Superior Ct. 293.

Now, the clause in the contract here in question, and the only one relied upon by plaintiff as importing an assumption on the part of the defendants not to engage in selling the patterns of any other concern, is this:

"The Merchant (defendants) agree . . . to endeavor at all times to conserve the best interests of the agency."

It is alleged in the bill and in the evidence submitted at the hearing that the effectual way of doing this is to handle no

other line of patterns. On the other hand, it is testified by one of the defendants that by keeping a variety of patterns for sale a larger public is attracted and the sale of each kind of patterns stimulated, to the manifest advantage of all concerned. The fact is undisputed that for some years past, during which defendants have dealt in other patterns besides plaintiff's, their sales of the latter have been steadily increasing. But, however that may be, it seems but reasonable that where one arranges to sell his goods to another, to be sold again by the latter incidentally to the conduct and prosecution of an extensive and complex business, such as a department store, belonging to him and under his management and direction, the naked stipulation that he is to endeavor to conserve the best interests of the so-called agency not only cannot be taken as an engagement to sacrifice his own business to it, but must necessarily be regarded as delegating to him a discretion in determining what, from time to time, will, all things considered, conduce to the best interests of the "agency." It would hardly do so if the public were to be discouraged from visiting the store by a failure to offer a selection which experience may have shown to be desirable. If people, knowing in advance that they can see and get there only one line of patterns, which they do not want, get out of the habit of going there, and if in consequence the general trade of the establishment falls off, that will not conserve the best interests of either party. The plaintiff's witnesses lay great stress upon the importance to its success of having its goods displayed, etc., in large stores doing a broad trade and visited constantly by as large as possible a part of the purchasing public. On the face of the stipulation referred to, therefore, the propriety or impropriety of keeping and dealing in other patterns would appear to be one of the matters committed by the contract to the discretion of the merchant. It is most natural to suppose that defendants so understood the stipulation. It was to their interest so to understand it: See Wright v. Grover & Baker S. M. Co., 82 Pa. 80, 82; Hessel v. Johnson, 129 Pa. 173, 179. If a contrary view of its own "best interests" was in plaintiff's mind, if plaintiff was convinced that these could be served only by excluding all other lines of patterns from defendants' store, it would have been easy and no more than fair so to specify and expressly to

enjoin upon defendants in the contract. Non constat that, on those terms, they would have become parties to it at all. And if the clear import of its language does not itself impose any such restriction upon them, what else is there to show that they ever understood or ought to have understood and agreed, or are to be treated as having agreed to it as a part of their undertaking? There is to suggest it no such obvious incongruity between defendants' engagement to buy and sell plaintiff's product and their buying and selling at the same time another's as there is, e. g., between the engagement of an actor, a ball player, or the like, to serve one party during a given time and his attempting during the same period to serve another, or between the duty of an agent, strictly speaking, towards his principal in the conduct of the latter's business and the acceptance of a conflicting employment in the interest of a rival. The fact known to plaintiff, but appearently not to defendants, that, in general, though not invariably, large establishments made a practice of handling only one line of patterns, is of no controlling significance. The assertion that plaintiff supposed the language used to imply a prohibition against handling any but those of its manufacture, is quite irrelevant. The circumstance that, after refusing to continue plaintiff's line of patterns, defendants themselves are presently selling only one kind of patterns, throws no light upon their understanding of the needs of their business or of the contract when it was made, nearly two years ago. On the other hand, it is not altogether without bearing upon the interpretation put by the respective parties on this contract, that almost immediately after its execution defendants began to sell another line of patterns; that plaintiff knew of this, and whilst objecting to it took, no matter for what reason not involving any concession by defendants, no steps to stop it; that when, in August last, it was attempted to renew the contract between plaintiff and defendants, a provision in terms forbidding the handling by defendants of any other line of patterns was inserted; that that clause was stricken out on defendants' objection before signing, the contract as thus modified being finally rejected by plaintiff; and that recent contracts made by plaintiff contain, besides the stipulation found in this contract, the express prohibition here sought to be implied therefrom. Upon the whole, there seems to be en-

tirely too much doubt about the propriety of making the implication without which the plaintiff's case has nothing to stand upon. That doubt is strengthened if the rule is applied which, as between two possible interpretations of a contract, calls for the adoption of that which is fortior contra proferentem. A preliminary injunction is not, however, to be granted where the plaintiff's right to it is in doubt: 1 Spelling, Extraordinary Relief, sec. 20; Black Lick Mfg. Co. v. Gas Co., 139 Pa. 448, 454; Waring v. Cram, 1 Pars. Eq., 516. The refusal of it does not repudiate the plaintiff's rights if he can ultimately establish any; it merely denies him an extraordinary remedy properly applicable only to cases in no respect equivocal: Dalzell v. Crawford, 1 Pars. Eq., 37, 46.

As for the decisions referred to by counsel involving the contract here in question, little aid is to be derived from them. In New Idea Pattern Co. v. Fraley & Carey Co., it appears that the supreme court of New York refused, upon allegations entirely similar to those here made, to grant a preliminary injunction substantially as here prayed for. In Butterick Publ. Co. v. Weaver & Sons, the court of common pleas of Seneca county, Ohio, awarded a similar temporary injunction upon a contract containing the exact stipulation here found, and on final hearing, after the expiration of the contract, decreed costs to plaintiff. In neither case does there appear to have been any statement of the reasons for the order made. The case of New Idea Pattern Co. v. Hydeman, No. 2224, September term, 1905, C. P. No. 5, Philadelphia county, in equity, where a preliminary injunction was awarded restraining defendant from selling other lines of patterns, is inapplicable because there the contract contained, besides the stipulation here under discussion, the further one that defendant was " not to sell or permit to be sold on the premises . . . . during the term of this contract any other make of patterns."

The motion for a preliminary injunction is denied.

*Error assigned* was the decree of the court.

*Sharswood Brinton* and *Isaac Hiester*, for appellant.

*Jefferson Snyder*, of *Snyder & Zieber*, with him *J. & H. S. Sparhawk*, for appellees.

PER CURIAM, May 7, 1906:

No sufficient ground has been shown to change the status quo before final hearing.

Appeal dismissed.